IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON BRONSTON,<br><br>Defendant. | **8:24CR151**<br><br>**PRELIMINARY ORDER<br>OF FORFEITURE** |

This matter is before the Court upon the government's Motion for Preliminary Order of Forfeiture (Filing No. 43). The Court has carefully reviewed the record in this case and finds as follows:

1.      On November 13, 2025, defendant Jason Bronston ("Bronston") pleaded guilty to Count II of the Indictment (Filing No. 1) and admitted the Forfeiture Allegation. Count II of the Indictment charged Bronston with being a felon in possession of a firearm; a violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(8).

2.      The Forfeiture Allegation sought forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of "any firearms involved in the commission of the offenses, including, but not limited" to:

a.      A. Mossberg 12-gauge shotgun model Maverick 88, serial number MV24139U;

b.      A Glock 23 .40-caliber semi-automatic handgun, serial number MZF996;

c.      A Bushmaster XM 15-E2S .223/5.56 semi-automatic rifle, serial number ARG503046;

d.      A Mossberg 12-gauge shotgun model 500 ABD, serial number G057924; and

    e.      A Mossberg 12-gauge shotgun model 500A, serial number K120601.

3.      On February 12, 2026, the Court held sentencing for Bronston and he admitted on the record to the forfeiture of the items listed in the Bill of Particulars (Filing No. 16):

    a.      Seven (7) live rounds of 12 gauge shells;

    b.      13 rounds Glock .40 caliber handgun magazine; and

    c.      A tan 30 round Magpul .223/5.56 magazine, loaded with 28 live .223 rounds (Filing No. 16).

4.      Based on Bronston's guilty plea and admission, Bronston forfeits his interest in the aforementioned property pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

5.      The government's Motion for Preliminary Order of Forfeiture is granted.

IT IS ORDERED:

1.      The government's Motion for Preliminary Order of Forfeiture (Filing No. 43) is granted.

2.      Based upon the Forfeiture Allegation of the Indictment (Filing No. 1) and Bronston's guilty plea and admission, the government is hereby authorized to seize the Mossberg 12-gauge shotgun model Maverick 88, Glock 23 .40-caliber semi-automatic handgun, Bushmaster XM 15-E2S .223/5.56 semi-automatic rifle, Mossberg 12 gauge shotgun model 500 ABD, Mossberg 12 gauge shotgun model 500A, seven (7) live rounds of 12 gauge shells, 13 rounds Glock .40 caliber handgun magazine, and a tan 30 round Magpul .223/5.56 magazine, loaded with 28 live .223 rounds which was seized from Bronston.

3.      Bronston's interest in the property is hereby forfeited to the government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4.      The property is to be held by the government in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property, in such manner as the Attorney General may direct, and notice that any person, other than Bronston, having or claiming a legal interest in the property, must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.      The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the property, and any additional facts supporting the Petitioner's claim and the relief sought.

7.      The government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property, as a substitute for published notice as to those persons so notified.

8.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 17th day of February 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge